# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-40389
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jacob Allen Judd,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:23-CR-549-1

---

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jacob Allen Judd pleaded guilty to possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). On appeal, he challenges the district court's denial of his motion to dismiss the indictment, arguing that, in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), § 922(g)(1) violates the Second Amendment as applied to him.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40389

Our decision in *Diaz* resolves Judd's argument that § 922(g)(1) is unconstitutional as applied to a felon like him with a vehicle theft conviction. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625).[1]

AFFIRMED.

---

[1] While Judd also contends that *Diaz* was wrongly decided and that § 922(g)(1) is facially unconstitutional, he correctly concedes that these arguments are foreclosed. *See United States v. Boche-Perez*, 755 F.3d 327, 344 (5th Cir. 2014) (rule of orderliness); *United States v. Contreras*, 125 F.4th 725, 729 (5th Cir. 2025) (recognizing that a facial challenge to § 922(g)(1) is foreclosed by *Diaz*).